◼ In the Matter of the Arbitration between PAUL HUBBELL, Appellant, and INSURANCE COMPANY OF NORTH AMERICA, Respondent.— In a proceeding on behalf of petitioner's four infant children for permission to submit to arbitration a controversy between the children and the Insurance Company of North America, petitioner appeals from two orders of the Supreme Court, Nassau County, both entered January 27, 1971, one of which denied the application without prejudice to any application for appropriate relief petitioner may wish to make in the State of Pennsylvania, and the second of which granted a motion by the Insurance Company of North America to stay the arbitration in question, without prejudice to the prosecution or presentation of any claim, demand for arbitration, or action at law, in a state other than the State of New York. Orders affirmed, with a single bill of $10 costs and disbursements. The automobile accident and resulting personal injuries to petitioner and his family which gave rise to the instant proceedings occurred in the State of Pennsylvania with an uninsured motorist who was a domiciliary of Pennsylvania at a time when petitioner and his family, though previously domiciled in New York, had changed their domicile to Pennsylvania. Although we find that the proceeding was properly commenced in the State of New York (Nassau County) pursuant to CPLR 7502 (subd. [a]) (respondent was doing business in that county), we find also, in the exercise of our discretion and in consideration of all the factors involved herein, that New York is an inconvenient forum. and that another forum is available which will best serve the ends of justice and the convenience of the parties (*Silver* v. *Great Amer. Ins. Co.*, 29 N Y 2d 356). Hopkins, Acting P. J., Munder, Martuscello, Christ and Benjamin, JJ., concur.

◼ In the Matter of MARY ANN K. (Anonymous). JAMES C. (Anonymous), Appellant; DENNIS K. (Anonymous), Respondent.— In a child-neglect proceeding, appeal from an order of the Family Court, Richmond County, dated June 7, 1971, which, after a hearing, dismissed the petition. Order affirmed, without costs. No opinion. In accordance with the written stipulation of. the attorneys for the respective parties, dated September 6, 1972, this affirmance "shall not operate as res judicata or as collateral estoppel with regard to the adoption proceeding now pending in the Surrogate's Court, Richmond County, and in the habeas corpus proceeding now pending in the Supreme Court, Richmond County, as to the parties on this appeal." Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

◼ In the Matter of the Estate of GERARD O. MARKUSON, Deceased. RICHARD D. MARKUSON, Appellant; EMILY MARKUSON, Respondent.— In a probate proceeding, objectant Richard D. Markuson appeals (1) from a decree of the Surrogate's Court, Westchester County, dated December 6, 1971 and made after a nonjury trial, which *inter alia* admitted the will to probate, and (2) from so much of an order of the same court, dated October 1, 1971, as in part denied his motion to amend his objections. Order affirmed insofar as appealed from and decree affirmed. No opinion. A single bill of costs is awarded to petitoner-respondent, payable out of the estate. Hopkins, Acting P. J., Martuscello and Christ, JJ., concur; Munder and Benjamin, JJ., dissent and vote to reverse the decree and to reverse the order insofar as appealed from, to grant the subject amendments to the objections and to grant a new trial, in the interests of justice, with the following memorandum: The amendments to the objections to probate should have been allowed in order to make possible a full development of the proof.